**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-80011-AMC**

**UNITED STATES OF AMERICA,**

v.

**JAMIE MICHAEL LARKIN,**

       **Defendant.**

_____/

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF PRIVATE HEALTH INFORMATION, PERSONAL IDENTIFYING INFORMATION, AND FINANCIAL INFORMATION**

    COMES NOW the United States of America and respectfully requests that this Court enter a protective order regarding discovery to be provided to the defendant in this case. The discovery in question relates to private health information, personal identifying information, and sensitive financial information. The United States certifies that the relevant parties have discussed this matter in good faith as required by Local Rule 88.9. The defendant, through counsel, does not oppose this motion. As grounds for this motion, the United States submits the following:

    1.    On January 22, 2024, the Government filed an Information charging the defendant with conspiracy to commit health care fraud.

    2.    The Government proffered some of the discovery in this case to the defendant prior to the filing of the Information and the defendant and the Government entered into a plea agreement whereby the defendant waived indictment.

    3.    The defendant self-surrendered and was arraigned on February 8, 2024. The paperless Standing Discovery Order ("Order") was also issued as to the defendant, requiring the United States to disclose to the defendant materials covered by the Order. The Order requires the United States to

provide the defendant with documents and other items material to the preparation of the defense case. This provision of the Standing Discovery Order is largely identical to the disclosure obligation imposed on the United States by Federal Rule of Criminal Procedure 16(a)(1)(E).

4. Some of the discovery in this case includes the disclosure of private health information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. § 164.102-164.534, or to the provisions of 42 U.S.C. § 1306. The individually identifiable health information contained in the discovery material includes, among other things, sensitive identifying numbers and patient health information.

5. Additionally, some of the discovery in this case contains sensitive private financial information of individuals and entities. The financial information contained in the discovery in question includes, but is not limited to, bank account numbers, social security numbers, dates of birth, signatures, and residential addresses, of the defendant and other individuals. The discovery also includes personal identifying information of the defendant and other individuals, including social security numbers, dates of birth, and addresses associated with Medicare beneficiaries.

6. Pursuant to the Order, the United States seeks to disclose to defense counsel records and documents that contain this individually identifiable health information and sensitive private financial information. The discovery includes voluminous business records, Medicare claims data, and documents provided by banks that contain personal financial and identifying information. In order to comply with its discovery obligations, undersigned counsel must produce, or make available to inspection, those documents relating to individually identifiable health information and documents containing sensitive private financial information and personal identifying information. The documents and files in question are voluminous, therefore redacting them for individually identifiable health information, sensitive private financial information and personal identifying information is impracticable. The instant motion and proposed order seeks to achieve the purpose of prompt

disclosure of discovery by the government to the defendants while simultaneously protecting the privacy rights of uninvolved third parties.

7. Accordingly, in order to ensure the protection of this information and to avoid the disclosure of this information to other individuals, the United States requests that the Court enter an order regulating disclosure of discovery as follows:

a. Counsel of record for the defendant shall hold the discovery materials in strict confidence, disclosing the information marked "Confidential" to counsel's respective client, staff, investigators, and witnesses *only* to the extent counsel believes is necessary to assist in the defense of this matter;

b. Counsel of record for the defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information. Counsel of record for the defendant shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

c. Counsel of record for the defendant shall obtain a certification from each person to whom the Confidential portion of the discovery is disclosed, in which the recipient, (1) acknowledges these restrictions as set forth in the Protective Order of the Court and (2) agrees that he or she will not disclose or disseminate the information without express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed; and

d. Counsel of record agree that, upon conclusion of the above captioned case, copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g, United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's private health information, personally identifiable information, and sensitive financial information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare their defense and would protect the private health information, personally identifiable information, and sensitive financial information of numerous individuals.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive confidential information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the

4

courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

WHEREFORE, the United States respectfully requests that this Court, pursuant to the Standing Discovery Order and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, enter the attached protective order concerning the disclosure of private health information, personal identifying information, and private financial information in connection with this case.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Dated: February 21, 2024     By:  /s/Timothy J. Abraham
                                  Timothy J. Abraham
                                  Assistant United States Attorney
                                  Florida Bar No. 114372
                                  99 Northeast 4th Street
                                  Miami, Florida 33132-2111
                                  Tel: (305) 961-9438
                                  Email: Timothy.Abraham2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 21, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

/s/ *Timothy J. Abraham*
Timothy J. Abraham
Assistant United States Attorney