UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80011-CR-AMC

UNITED STATES OF AMERICA

vs.

JAMIE MICHAEL LARKIN,

    Defendant.

_____/

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
MOTION FOR DOWNWARD VARIANCE**

The United States of America, through the undersigned counsel, files the following response to the Defendant's sentencing memorandum and motion for downward variance (DE 30).[1] Based on the Title 18, United States Code, Section 3553 factors, the Government recommends a sentence of 18 months' imprisonment as sufficient but not greater than necessary to promote respect for the law and deter future conduct.

The Defendant agrees that the correct Guideline sentence range is a Level 15, Criminal History Category III, range of 24-30 months. Def.'s Sentencing Memo at 2. However, based on Defendant's argued lower danger of recidivism, his counsel requests a downward variance to Criminal History Category I or II. *Id.* In addition, the Defendant argues that even with a "more appropriate" low-end of 18 months' imprisonment, that he should receive a further downward variance to home confinement or a "blended sentence" of both incarceration and home confinement. *Id.* at 2-3.

**Calculation of the Guideline Sentence Range and Loss**

First, the Government agreed with the Defendant in the plea to jointly recommend offense

level 15, the actual loss figure of $997,911, and not to seek the additional 2 points for a loss amount of more than $1,000,000 under U.S.S.G. § 2B1.1(b)(7)(A)(i).

### Government's Objection, in part, to the Defendant's Motion for Downward Variance

The Government recommends that Larkin be sentenced to 18 months' imprisonment (a 6-month downward variance) based on his offense conduct and his personal history and characteristics (including his criminal history).

Larkin agreed to be the sole owner of Rite Care Pharmacy on paper after knowing that O'Brien and Solari wanted to conceal their ownership because of past audits. Mr. Larkin accordingly signed documents prepared and presented to him by Solari and O'Brien representing to third paties that he was the sole owner. Without Larkin, O'Brien and Solari could not have used Rite Care Pharmacy to bill Medicare and receive $997,911 between January 2021 and December 2021.[2]

While Larkin was an "equal investor" and was to "share in the profits" of the pharmacy, the fact that he did not reap a financial gain from the conspiracy does not change the fact that he acted with deliberate ignorance and/or willful disregard as to the filing of false claims for medically unnecessary pharmaceuticals with Medicare.

Indeed, Larkin was aware of some of the pharmacy's financial transactions and he conducted some of those financial transactions while he was living in this District (while the pharmacy was in Georgia). As detailed at paragraph 17 of the PSI, Larkin sent messages telling O'Brien how much money he would pay himself and how much he would pass on to O'Brien's

---

2 O'Brien and Solari will be sentenced for their involvement with other pharmacies and will likely receive much higher sentences but they have not been sentenced yet.

control.  In another text message, O'Brien forwarded Larkin the billing report and stated that the pharmacy was currently owed $195,000, and Larkin responded that this probably did not include what was currently owed from an additional insurance company.  Larkin also represented to numerous parties that he was the sole owner of the pharmacy, sometimes in an effort to speed up the ability for the pharmacy to continue to make revenue.

Based on this conduct, while Larkin is certainly deserving of minor role in relation to O'Brien and Solari, he is certainly not deserving of a non-incarcerative sentence.  This is further supported by Larkin's specific criminal history.  While Larkin was the purported sole owner of the pharmacy in 2021, he was engaged in the illegal sale of testerone in this District to a confidential informant between July 2021 and November 2021.  *See* PSI Paragraph 52.  The "reliable confidential informant" advised that the defendant was a "long-time steroid dealer" and could sell customers "black market steroids."  *Id.*  In addition, Larkin also pleaded guilty to money laundering in the same case related to the suspicious movement of funds totaling $2,078,960 between January 1, 2019, and April 27, 2021.  This time period overlaps with his activities as the "sole" owner of Rite Care Pharmacy.

Ultimately, on November 2, 2022, Larkin was sentenced in state court to five years probation for the 2022 felony conviction. Based on this specific criminal history, a further downward variance related to this 2023 conviction is not warranted.

Respectfully submitted,

MARKENZIE LAPOINTE
UNITED STATES ATTORNEY

Date:   June 28, 2024                    By:    s/Timothy J. Abraham
                                                TIMOTHY J. ABRAHAM
                                                ASSISTANT U.S. ATTORNEY
                                                Florida Bar No. 114372
                                                99 N. E. 4th Street, 4th Floor
                                                Miami, Florida 33132-2111
                                                Tel. No. (786) 877-4964
                                                Fax No. (305) 530-7976
                                                Email: Timothy.Abraham2@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which sent notice to the parties of record.

/s/Timothy J. Abraham
Timothy J. Abraham, AUSA